By sect. 8, ch. 62, of the Revised Statutes, every resident in a school district is entitled to vote in a district meeting, who is qualified at the time to vote in a town meeting, with this further restriction, — that to vote upon any question of taxation of property, or of expenditure of money raised thereby, he must either have paid, or be liable to pay, a portion of the the
tax. He need not, however, be upon the last list of town voters; since such lists are not prepared or made up for district, as they are for town, meetings; and there is, therefore, no mode provided by which he could get upon the list, however well qualified he might be at the time to vote.
In this view of the statute, it is plain, that Randall was entitled to vote for the tax ordered to be assessed by the district meeting of school district No. 2, of Cranston, held on the 21st day of May, 1859. Though not upon the town voting list made up for the April election, 1859, he was qualified, as a registered voter, to vote at the meeting in question, by the payment of a tax to the amount of a dollar, upon property valued at a sum exceeding one hundred and thirty-four dollars, assessed within the year next preceding, and more than four days prior to the time of his voting; (Rev. Stats. ch. 22, § 1, ch. 23, § 14,) and although he had parted with the real estate upon *Page 591 
which this tax had been assessed, he was, on account of personal estate to the amount of $500, liable to contribute to, and therefore entitled to vote for, the school district tax in question.
For these reasons I affirm the decision of the commissioner, that the vote of school district No. 2, of Cranston, passed May 21, 1859, was a valid order of assessment.